UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID ROSAS, JUAN PEREZ, IGNACIO TORRES,     Case No.  14 Civ. 8788
JOSE R. MALDONADO, ISABEL TORIBIO SOLIS,              (JCF)
DAVID RIVERA-SOLIS, RAMIRO SALGADO-LANDA,
ALFREDO ARELLANO-RODRIGUEZ, MARGARITO
SALAS-FLORES, and MIGUEL A. RIVERA, on behalf
of themselves and others similarly situated,

Plaintiffs,

-against-

ALICE'S TEA CUP, LLC, ATC II LLC,
and ATC III, LLC, and/or any other business entity
doing business as "ALICES'S TEA CUP", located at
102 West 73rd Street, New York, New York, and
156 East 64th Street, New York, New York, and
220 East 81st Street, New York, New York, and
ZHARIFF MELGOZA, and HALEY FOX, individually,

Defendants.

---

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND LEAVE TO AMEND THE COMPLAINT

## MOTION FOR PROTECTIVE ORDER
### PRECLUDING EVIDENCE RELATING TO IMMIGRATION STATUS AND CURRENT EMPLOYMENT STATUS

Plaintiffs respectfully seek an order precluding Defendants from discovering, through testimony or documents, information that involves Plaintiffs' immigration status or citizenship at the present, or at any point in time, during discovery and through the time of trial. Plaintiffs also seek preclusion of inquiry concerning their present employment, as there is no claim made concerning Plaintiffs' termination from their employment with Defendants, nor any claim for lost wages or any other damages alleged subsequent to their employment.

Defendants' request for documents and admissions are annexed to the accompanying Declaration of Peter Cooper as Exhibit "A" and "B". In particular, Plaintiffs object to requests for documents numbered 12, 13, 14, 15, and 33 (Exhibit "A"), and requests for admissions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 20 (Exhibit "B")

### STATEMENT OF FACTS

Plaintiffs are eleven (11) individuals who were long-term employees for Defendants' three Manhattan restaurants. Through discovery demands and in conversations with defense counsel, it is apparent that Defendants seek evidence connected to Plaintiffs' immigration to the United States and present status, as well as their current employment. The undersigned objects on behalf of the Plaintiffs.

### ARGUMENT

It is well settled precedent in the Second Circuit that evidence touching on immigration status is irrelevant and highly prejudicial in wage and hour cases and is

therefore an inappropriate line of inquiry during the discovery phase, and inadmissible at trial. In facts, courts in this District have consistently held that allowing inquiry into immigration status at the discovery phase, creates an *in terrorem* effect, tending to chill workers' willingness to come forward with complaints and/or testimony about wage and hour violations. This chill frustrates enforcement of the Fair Labor Standards Act and related statutes and regulations, the very laws that this litigation seeks to enforce.

A.     Immigration Status is Irrelevant to All Claims and Defenses

Pursuant to Rule 401 of the Federal Rules of Evidence, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under this standard, it is settled that immigration status is not relevant to wage and hour claims under the FLSA or New York Labor Law.

Without exception, courts have held that all employees, regardless of immigration status, are protected by the provisions of the FLSA and immigration status bears no relevance to a claim for unpaid wages. *See*, *Flores v Amigon*, 233 F.Supp.2d 462, 463 (E.D.N.Y. 2002) ("[n]umerous lower courts have held that all employees, regardless of their immigration status, are protected by the provisions of the FLSA"); *In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987) ("It is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant.") Courts likewise have held that immigration status is irrelevant to application of New York's minimum wage and overtime provisions. *See, e.g., Nizamuddowlah v. Bengal Cabaret, Inc.*, 415 N.Y.S.2d 685, 685-86 (2d Dep't.

1979) (immigration status is not relevant to an employee's right to recover unpaid wages under New York's minimum wage law.)

Because immigration status is irrelevant in the wage and hour claim context, courts preclude discovery of any information touching on or going to immigration status. *See, Colon v. Major Perry St. Corp,* 987 F.Supp.2d 451, 464, 2013 U.S. Dist. LEXIS 178346, *36-37 (S.D.N.Y. 2013); *Avila-Blum v. Casa de Cambio Delgado, Inc.,* 2006 U.S.Dist. LEXIS 30195 (S.D.N.Y. 2006); *Zeng Liu v. Donna Karan International, Inc.,* 207 F.Supp. 191, 192 (S.D.N.Y. 2002) (summarizing that courts addressing the issue of whether defendants should be allowed to discover plaintiff-worker's immigration status in cases brought under the FLSA have found such information to be undiscoverable); *see also, Antonio Corona v. Adriatic Italian Restaurant,* 2010 U.S. Dist. LEXIS 15788 (S.D.N.Y. February 23, 2010) (finding immigration has no bearing on the matters of consequence in a FLSA action and could not be used to attack the credibility of a witness in a bench trial). Similarly, in similar cases courts routinely refuse to permit defendants to discovery plaintiffs' tax returns, finding it a back door attempt to learn of immigration status. *Rengifo v. Erevos Enters,* 2007 U.S. Dist. LEXIS 19928 (S.D.N.Y. 2007).

B.     Inquiry into Immigration Status has a Chilling Effect; Potential for Prejudice Far Outweighs Any Minimum Probative Value

Inquiry into immigration status could have a chilling effect on other potential claimants; and it could expose the plaintiffs to undue prejudice, which far outweighs any arguable probative value.  Rule 403 of the Federal Rules of Evidence provides that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." In *Rodriguez v. The Pie of Port Jefferson Corp.,* 48 F.Supp.3d 424, 2014 U.S.Dist. LEXIS 138738 (E.D.N.Y. 2014) the court notes that

4

"even where it is arguable that information concerning a plaintiff's immigration status may be relevnt, courts have generally held that the potential for prejudice far outweighs whatever minimal probative value such information would have." *Id.* at 426, 2014 U.S. Dist LEXIS 138738 at *4.

Courts have held that evidence touching on a plaintiff's immigration status is not admissible in wage and hour cases due to the high probability of prejudice. *See, Flores*, 233 F.Supp.2d at 465 ("[n]ot only does this Court find that the information is not relevant to Defendants' defense, but … even if it were, the potential for prejudice far outweighs whatever minimum probative value such information would have.) Courts have also noted the chilling effect that an inquiry into immigration status would have in such cases:

> Courts have generally recognized the *in terrorem* effect of inquiring into a party's immigration status when irrelevant to any material claim. In particular, courts have noted that allowing parties to inquire about the immigration status of other parties, when not relevant, would present a 'danger of intimidation [that] would inhibit plaintiffs in pursuing their rights.

*Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002); Widjaja v. Kang Yue USA Corp., 2010 U.S. Dist. LEXIS 59958 (E.D.N.Y. 2010); *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 406 (E.D.N.Y. 2004); *Rengifo v. Erevos Enterprises, Inc.*, 2007 U.S.Dist LEXIS 19928 at *5 (S.D.N.Y. March 20, 2007).

Defendants have no compelling reason to contravene well-established precedent prohibiting evidence of immigration status in the context of a wage and hour action. For these reasons we respectfully seek a protective order from any any documents or request for testimony that touches on any of the Plaintiffs' immigration into the United States, or present immigration status.

## CURRENT EMPLOYMENT

Defendants have no arguable basis for discovering where Plaintiffs are currently working. (Exhibit "A", number 33) All of the plaintiffs were terminated from Defendants' restaurant and certainly some had difficulty locating suitable employment in a difficult economy. Permitting Defendants to learn where Plaintiffs are currently working is fraught with danger because there would be nothing to prevent Defendants from attempting to contact owners or managers at their current places of employment. In fact Defendants have already attempted to directly pressure Plaintiffs to withdraw from this litigation. Plaintiffs make no claim which is remotely connected to their current employment and do not wish to disclose their current employment. Simply stated, it has no relevance to any claim made in the case, nor is it likely to lead to any admissible or relevant information. Such request is simply made in an attempt to intimidate Plaintiffs and discourage their participation in the instant lawsuit. Your undersigned is very familiar with the real harm which can come from a Defendant business owner learning about his or her former employees' subsequent employment as such we respectfully seek a protective order in this case.

## PROPOSED AMENDED COMPLAINT

A copy of plaintiffs' proposed amended complaint is annexed to the Declaration of Peter Cooper as Exhibit "C". The complaint adds, as defendants, an individual who supervised and controlled plaintiffs' work, and controlled their compensation. The complaint also adds as a nominal plaintiff the opt-in plaintiff Teofilio Toribio[1]. And, it removes the collective and class action allegations, because plaintiffs do not intend to seek certification. *See*, Exhibit "C". Federal Rule 15(a) provides that leave to amend

---

[1] We filed Mr. Toribio's consent to join the action in December 2014. [Docket #11]

should be freely granted when justice so requires.   And with regard to adding the additional Defendant, Rule 20(a)(2) provides that additional defendants may be added when there is a common question of fact or law amongst all defendants.  And, Rule 21 provides that "the court may, at any time, on just terms, add or drop a party".  Discovery will not be slowed, impeded, or in any other way affected by permitting the amendment to the complaint.

<strong>CONCLUSION</strong>

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion *for protection*:

1.  precluding Defendants from eliciting or in this action any evidence, testimony, or information which bears upon, touches upon, or invokes any reference to Plaintiff's immigration to the United States, or immigration status at any point in time, during discovery and through the time of trial in this action;

2.  preventing Defendants from discovering Plaintiffs' current employment; and

3.  permitting plaintiffs to file the proposed amended complaint.

Dated: New York, New York
May 15, 2015

CILENTI & COOPER, PLLC

By: _____
Peter H. Cooper (PHC 4714)
**Attorneys for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com

7