UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| DAVID ROSAS, JUAN PEREZ, IGNACIO TORRES, JOSE R. MALDONADO, ISABEL TORIBIO SOLIS, DAVID RIVERA-SOLIS, RAMIRO SALGADO-LANDA, ALFREDO ARELLANO-RODRIGUEZ, MARGARITO SALAS-FLORES, and MIGUEL A. RIVERA, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> ALICE'S TEA CUP, LLC, ATC II LLC, and ATC III, LLC, and/or any other business entity doing Business as "ALICE'S TEA CUP", located at 102 West 73rd Street, New York, New York, and 156 East 64th Street, New York, New York, and 220 East 81st Street, New York, New York, and ZHARIFF MELGOZA, and HALEY FOX, individually, <br><br> Defendants. | 14 CV 8788 <br><br> DEFENDANTS' SUR-REPLY MEMORANDUM IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND LEAVE TO AMEND THE COMPLAINT |

_____

Defendants Alice's Tea Cup, LLC, ATC II, LLC, ATC III, LLC, and Zhariff Melgoza, and Haley Fox (collectively, "Defendants") respectfully submit this Sur-Reply in further support of their Opposition to Plaintiffs' Motion for a Protective Order and Leave to Amend the Complaint. In support of this Sur-Reply, Defendants rely upon the Declaration of Howard A. Matalon, Esq., dated June 23, 2015 ("Matalon Decl."), which is attached hereto.

I. **Defendants Possess Evidence that Plaintiffs Submitted False Information to Defendants in Order to Support their Employment Eligibility and Therefore a Discoverable Issue As to Such Subject Matter Exists**

Plaintiffs have erroneously stated in their Reply Memorandum of Law that "there is no evidence that Plaintiffs misrepresented their status or provided false information to their employer." As set forth in the Matalon. Decl., Defendants are in possession of clear and incontrovertible evidence to the contrary. Matalon Decl. ¶¶ 6-9. Plaintiffs were put on notice of

the existence of such evidence prior to the onset of litigation, by way of a letter dated October 17, 2014, which contained a record from Paychex that flagged the Social Security number provided by Plaintiff David Rosas being "invalid." Matalon Decl. ¶4; Exhibit A. Plaintiffs did not substantively respond to this letter or the attached Paychex record. Rather, Plaintiffs commenced the present litigation and continue to assert that they did not submit false information to Defendants.

Defendants have in their possession *prima facie* examples of false information supplied by Plaintiffs to Defendants, specifically, a false Social Security card, Paychex documents that flag Social Security numbers submitted by Plaintiffs as invalid, and of course false Social Security numbers. Matalon Decl. ¶¶6-9; Exhibits B, C, D and E.

The Social Security numbers submitted by Plaintiffs, in order to support their employment eligibility, either do not correspond with the Plaintiff that provided the number or correspond with multiple persons (including a deceased person), none of whom is actually a party plaintiff to this action. Matalon Decl. ¶¶6-7; Exhibits C and D. As noted in our original Opposition, the majority of the Plaintiffs were terminated or resigned because they supplied this false employment verification information to Defendants.

For these reasons, it is clear that Plaintiffs have misrepresented to the Court that no evidence of this false employment verification information exists. By disputing the existence of such evidence, Plaintiffs actually prove our point: discoverable issues exist concerning the submission of false employment verification information. Consequently, Defendants should not be precluded from discovering and confirming two matters: (1) that Plaintiffs submitted false information to Defendants in order to verify their eligibility to work in the United States; and (2) that Plaintiffs made these false submissions knowingly because they did not did not have a basis

to legitimately verify their ability to work in the United States because of their immigration status, both of which are directly relevant to Defendants' damages under the Fair Labor Standards Act and Defendants' liability and damages under New York Labor Law.

**II.     A Significant Dispute Exits as to the Amount of Plaintiffs Earnings and Plaintiffs' Tax Returns will Provide the Most Objective Evidence of Same**

Plaintiffs have also asserted that there is not a significant dispute as to the amount of Plaintiffs' earnings.  However, this is in fact disputed, because Plaintiffs have provided scant evidence of the same. Matalon Decl. ¶10; Exhibit F.  In fact, Plaintiffs have the burden of demonstrating that they were not paid the proper amount of wages and overtime, yet they have failed to provide any evidence that demonstrates the full amount of their alleged earnings.  The only documents provided by Plaintiffs in discovery to date is limited to individual isolated paycheck stubs that include the amount paid for a single pay period of two weeks. Matalon Decl. ¶10; Exhibit F.

The tax returns sought by Defendants will state unequivocally the amount of wages that Plaintiffs claimed under the penalty of perjury that they received from Defendants.  Upon information and belief, these tax returns will further corroborate Defendants' position that they were paid the amount of compensation required by state and Federal law.  Accordingly, Defendants should not be precluded from discovering tax returns, where Plaintiffs have placed their compensation directly at issue and there exists a significant dispute as to those amounts.  If Plaintiffs have not filed Federal or state tax returns, they can stipulate they have not filed returns and have no responsive documents.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court deny the Motion filed by Plaintiffs for a Protective Order and for Leave to Amend the Complaint.

                          Respectfully submitted,

                    By: */s/ **Howard A. Matalon***
                         Howard A. Matalon, Esq.
                         OLENDERFELDMAN LLP
                         422 Morris Avenue
                         Summit, New Jersey 07901
                         (908) 964-2424
                         Attorneys for Defendants Alice's Tea Cup, LLC, ATC II, LLC, ATC III, LLC, Zhariff Melgoza, and Haley Fox

Dated: Summit, New Jersey
         June 23, 2015